IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 26-cv-03651-CYC

RICHARD LAYNERKER JAUREGUI SANCHEZ,

Petitioner,

v.

GEORGE VALDEZ, Field Office Director of Enforcement and Removal Operations, Denver Field Office, Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security;
U.S. DEPARTMENT OF HOMELAND SECURITY;
TODD BLANCHE, Attorney General of the United States;
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; and
JUAN BALTASAR, Warden of Aurora ICE Processing Center;

Respondents.

---

# ORDER

---

**Cyrus Y. Chung, United States Magistrate Judge.**

Five months ago, the Court ordered that the respondents provide petitioner Richard Laynerker Jauregui Sanchez, who is held in immigration custody, a constitutionally adequate bond hearing. He received a hearing but, in his view, it was inadequate. He therefore moves to enforce the August 2026 order, seeking immediate release or another bond hearing. ECF No. 12 at 6–11. But Congress has removed substantive review of an immigration judge's ("IJ") bond conclusion from a district court's purview. Because the Court cannot say that its Order has not been followed without such a review, the motion to enforce is **DENIED**.

## BACKGROUND

U.S. Immigration and Customs Enforcement ("ICE") is currently detaining the petitioner, a noncitizen in removal proceedings, at the Aurora ICE Processing Center, where he has been since July 3, 2026. ECF No. 1 ¶¶ 2, 4. He filed an application for writ of habeas corpus on August 11, 2026, arguing that ICE illegally detained him. *See id.* ¶¶ 5, 15. Some two weeks later, the Court ordered the respondents to "provide the petitioner with a bond hearing under 8 U.S.C. § 1226(a), with the government bearing the burden of proving that the petitioner is a flight risk by a preponderance of the evidence or a danger by clear and convincing evidence, or release the petitioner." ECF No. 9.

The petitioner had a timely bond hearing before an IJ. *See* ECF No. 13-1 at 1–5. The IJ denied bond, finding that DHS met its burdens to show dangerousness and flight risk. ECF No. 13-1 at 5. The same IJ had presided over the petitioner's individual hearing on his asylum application five days earlier, where she had deemed his application abandoned and ordered him removed. ECF No. 12 at 3, 23; ECF No. 13-1 at 3–4. This motion followed, ECF No. 12, and the respondents opposed, ECF No. 14.

## DISCUSSION

Two separate principles govern the inquiry. First, "[t]he Attorney General's discretionary judgment regarding" bond hearings held under 8 U.S.C. § 1226 "shall not be subject to review." *Id.* § 1226(e). At the same time, "[w]hether [a petitioner] received the due process to which he was entitled 'is not a matter of discretion' and is subject to judicial review." *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001)). Thus, "[w]here a petitioner argues that the immigration judge applied an improper legal

standard in violation of a court order, rather than setting aside the custody determination of the immigration judge, the Court is 'assessing whether the IJ applied the legal standard prescribed by this Court and otherwise followed the Court's directives.'" *Maldonado Ochoa v. Baltazar*, No. 26-CV-01449-PAB, 2026 WL 1615245, at *2 (D. Colo. June 5, 2026) (quoting *Quiroz Zacarias v. Mullin*, No. 26-cv-0574-WJM, 2026 WL 1092162, at *3 (D. Colo. Apr. 22, 2026)). In that context, a court has authority to enforce its own orders. *See id.*; *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). But "the [Immigration and Nationality Act] forbids federal district courts from effectively serving as an appellate court over an IJ's bond decision." *Quiroz Zacarias v. Mullin*, No. 26-CV-0574-WJM, 2026 WL 1092162, at *3 (D. Colo. Apr. 22, 2026) (citing 8 U.S.C. § 1226(e)). That is what the petitioner's motion asks the Court to do.

The Court's prior Order provided the respondents' burden to maintain the petitioner's detention: "proving that the petitioner is a flight risk by a preponderance of the evidence or a danger by clear and convincing evidence." ECF No. 9. The IJ recited that standard multiple times in her order. *See* ECF No. 13-1 at 1, 3, 5. To be sure, "[m]erely stating the proper standard does not discharge the obligation to correctly apply the standard." *Akinsanya v. Garland*, 125 F.4th 287, 297 (1st Cir. 2025). Still, "[d]iscretionary agency decisions may not be recast as constitutional errors or questions of law so as to invoke [the Court's] jurisdiction." *Tobar v. Gonzales*, 200 F. App'x 796, 799 (10th Cir. 2006). And here, the IJ exercised her discretion to find first that the petitioner's criminal history constituted clear and convincing evidence of dangerousness and, second, that the procedural history of the adjudication of the petitioner's removal petition constituted a preponderance of the evidence as to flight risk. The Court cannot review that exercise of discretion. 8 U.S.C. § 1226(e).

The petitioner protests. The IJ, he says, improperly relied on the recitation of his criminal history from ICE's I-213 form about him for its dangerousness finding. ECF No. 12 at 2–4. After all, the form contained an error — which the IJ acknowledged — about how the petitioner entered the United States, ECF No. 13-1 at 2, and, in other contexts, the Tenth Circuit has said that "[w]here there is evidence of unreliability . . . , information contained in a Form I-213 cannot be presumed true." *Vladimirov v. Lynch*, 805 F.3d 955, 964 (10th Cir. 2015). But the IJ said that she did "not simply presume that every statement contained in the Form I-213 is necessarily accurate" and stated that she "considered th[e] discrepancy in determining the appropriate weight to afford the document." ECF No. 13-1 at 2. She then considered that the I-213 reflected a pending assault charge and, while the petitioner disputed the existence of the charge, noted that he acknowledged having been involved in a separate domestic-violence incident two years prior. *Id.* at 1–2. Noting that the petitioner introduced no evidence to refute the existence of the charges, such as a criminal record not listing them, the IJ weighed the criminal history articulated by the I-213 and found that it satisfied the respondents' burden. The Court cannot second-guess that conclusion.

The petitioner pivots. He points out that, in other contexts, courts have said that an "agency may not give 'substantial weight' to a police report in the absence of 'a conviction or corroborating evidence of the allegations contained' in the report." *Rosa v. Garland*, 114 F.4th 1, 19 (1st Cir. 2024) (quoting *In re Arreguin de Rodriguez*, 21 I. & N. Dec. 38, 42 (B.I.A. 1995)); *see* ECF No. 15 at 2. Indeed, some courts have imported that language into the habeas context. *See, e.g.*, *Picado v. Hyde*, No. 26-cv-065-JJM-PAS, 2026 WL 352691, at *7 (D.R.I. Feb. 9, 2026). But it is difficult to follow that conclusion wholesale here. After all, 8 U.S.C. § 1226(e)

means that "a habeas court has no authority to encroach upon an IJ's discretionary weighing of the evidence.'" *Cortes-Sagastume v. Baltazar*, No. 26-CV-03664-NYW, 2026 WL 3134840, at *4 (D. Colo. Oct. 20, 2026) (quoting *Garcia v. Hyde*, 817 F. Supp. 3d 112, 126 (D.R.I. 2025)). Put another way, "§ 1226(e) precludes judicial review of the IJ's weighing of evidence and factual findings regarding whether [the petitioner] is a danger to the community." *Arevalo-Guasco v. Dubois*, 788 F. App'x 25, 27 (2d Cir. 2019). If a habeas court cannot review the IJ's weighing of evidence at all, deciding whether a police report should be given substantial weight or not also seems beyond its purview. So too for the petitioner's contention that a felony charge in the I-213 was fabricated, ECF No. 15 at 2: that was a factual finding for the IJ to make that the Court cannot review.

The petitioner also challenges the IJ's flight-risk conclusion which, he says, grounded itself in the IJ's own improper previous deeming of the petitioner's I-589 asylum application as abandoned after she muted petitioner's counsel at the hearing on the application. ECF No. 12 at 3–4. To be sure, if true, such allegations are deeply concerning. Indeed, counsel for the petitioner indicates that she has filed ethics and bar complaints against the IJ for those actions. ECF No. 12 at 4. But the IJ disputes that account, ECF No. 13-1 at 3, and the Court lacks the authority to engage in factfinding to determine which account is accurate. *See Arevalo-Guasco*, 788 F. App'x at 27; *Pallares v. Valdez*, No. 26-CV-01870-PAB, 2026 WL 2057649, at *1 (D. Colo. July 16, 2026). That renders the Court powerless to grant the relief the petitioner requests.

Undoubtedly, this conclusion will leave the petitioner frustrated. Some of that is understandable. It is difficult to understand how an unproven criminal charge — not only as to its allegations, which apparently were never detailed to the IJ, but also to its very existence

— constitutes clear and convincing evidence of dangerousness. It is also difficult to understand how the petitioner's supposedly abandoned asylum application alone proves a flight risk when he vigorously disputes that the application was abandoned at all. But Congress has taken substantive review of the IJ's decision out of the Court's hands and, as such, it leaves the Court without the authority to grant the relief the petitioner requests even if it might have viewed the evidence differently.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that the petitioner's motion to enforce, ECF No. 12, is **DENIED**.

It is further **ORDERED** that Petitioner's Motion to Expedite Consideration, ECF No. 16, is DENIED as moot.

The Clerk of the Court is directed to enter judgment and close this case.

DATED this 19th day of November, 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge